# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

OHIO A. PHILLIP RANDOLPH
INSTITUTE, *et al.*,

      Plaintiffs,

      v.

JON HUSTED,
OHIO SECRETARY OF STATE,

      Defendant.

Case No. 2:16-cv-303
JUDGE GEORGE C. SMITH
Magistrate Judge Deavers

## ORDER

This matter is before the Court on Plaintiffs' Motion for Injunction Pending Appeal (Doc. 143). This Court issued a decision on October 10, 2018, granting in part and denying in part the parties' cross motions for final judgment on the remaining claim in this case regarding the confirmation notice used as part of Ohio's Supplemental Process. (Doc. 140). Final judgment was entered the same day. Then, on October 11, 2018, Plaintiffs filed a Notice of Appeal (Doc. 142) and the pending Motion. For the reasons that follow, Plaintiffs' Motion for Injunction Pending Appeal is **DENIED**.

Plaintiffs have moved pursuant to Rule 62(c) of the Federal Rules of Civil Procedure and Rule 8(a)(1) of the Federal Rules of Appellate Procedure for an injunction pending appeal. Plaintiffs specifically request an order "(i) requiring Defendant to implement the APRI Exception, as defined in Doc. 126, for the November 2018 General Election; and (ii) prohibiting Defendant from removing or causing the Ohio county boards of elections to remove any voter pursuant to the Supplemental Process if that voter was sent a confirmation notice prior to 2016." (Doc. 143 at 1).

Pursuant to Rule 62 of the Federal Rules of Civil Procedure, the district court may stay the proceedings to enforce a judgment pending an appeal. Rule 62(c) specifically grants authority to "suspend, modify, restore, or grant an injunction on terms for bond or other terms" while an appeal is pending from "an interlocutory order or final judgment that grants, dissolves, or denies an injunction . . . ." In deciding whether to stay an order, district courts are instructed to weigh the following four factors:

> (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay.

*Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). The factors are not prerequisites; rather, they must be balanced in considering the propriety of issuing a stay. *Id.*

The Court has carefully considered the aforementioned factors and finds that the factors do not warrant granting the injunctive relief sought by Plaintiffs. This Court's recent Opinion and Order sets forth in detail the reasoning as to why Plaintiffs have not established a clear violation of the NVRA on their second claim for relief. (Doc. 140). Further, the United States Supreme Court's decision upholding Ohio's Supplemental Process, concluded that: "Ohio's Supplemental Process follows subsection (d) to the letter. It is undisputed that Ohio does not remove a registrant on change-of-residence ground unless the registrant is sent and fails to mail back a return card and then fails to vote for an additional four years." *Husted v. A. Philip Randolph Institute*, 138 S. Ct. 1833, 1842 (2018). Based on this Court and the United States Supreme Court's analysis of the issues of Plaintiffs' claims, the Court finds that Plaintiffs do not have a substantial likelihood of succeeding on the merits of their appeal.

Considering the remaining factors, this Court held in its October 10, 2018 Opinion and Order that there is no ongoing harm to others as Plaintiffs have failed to establish that the confirmation notices used in the past and present have violated the NVRA. The Court finds that the public interest is served in Ohio conducting voter maintenance procedures in accordance with the NVRA. During the pendency of this litigation, beginning with the Joint Stipulation and Order issued on April 11, 2016, prior to Ohio's 2016 primary election (Doc. 16), through the Joint Stipulation and Order related to the special congressional election on August 7, 2018, this Court has ordered the implementation of the APRI exception. Further, Defendant has not executed the Supplemental Process since 2015. Therefore, despite Plaintiffs only prevailing on one minor issue in this case, they have essentially been given the relief they presently seek for almost three years.

Balancing the factors, the Court finds that Plaintiffs are not entitled to injunctive relief pending appeal. Plaintiffs' Motion for Injunction Pending Appeal is therefore **DENIED**.

The Clerk of this Court shall remove Document 143 from the Court's pending motions list.

**IT IS SO ORDERED.**

                                         */s/ George C. Smith*
                                         **GEORGE C. SMITH, JUDGE**
                                         **UNITED STATES DISTRICT COURT**